IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTERS METAL CORPORATION,<br><br>      Plaintiff,<br><br>  vs.<br><br>UNIVERSAL AM-CAN, LTD., THE MASON AND DIXON LINES, INCORPORATED, SLIDE-N-RIDE TRUCKING, INC., J & D TRUCKING, INC., JC PILOT CAR SERVICE, CAROLYN SCHAFFER, J.D. DELANEY and CAREN RUTH VINSON,<br><br>      Defendant. | Case No. 13-cv-1271-SMY-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants Slide-N-Ride Trucking, Inc., J & D Trucking, Inc., J.D. Delancey d/b/a J & D Trucking, Inc., and Caren Ruth Vinson's (collectively "Defendants") Motion to Dismiss Amended Complaint (Doc. 73) to which Plaintiff has responded (Doc. 75). Defendants supplemented (Doc. 82) their Motion to Dismiss after an Order from this Court in the related case of *The Mason and Dixon Lines, Incorporated v. Walters Metal Fabrication, Inc.*, Case Number 13-cv-1262-SMY-DGW. Plaintiff did not respond to Defendants' supplement. For the following reasons, Defendants' motion is **DENIED.**

This matter arises out of a shipment of over-dimensional goods. Plaintiff, a metal fabrication company located in Granite City, Illinois, sought to transport pipe spools to a customer located in Mont Belvieu, Texas. On December 29, 2012, the driver transporting Plaintiff's product drove the load into the underside of a bridge.

Plaintiff's Amended Complaint (Doc. 19) alleges Carmack Amendment and negligence claims. Plaintiff voluntarily dismissed its claims against Carolyn Schaffer d/b/a JC Pilot Car Service and/or JC Pilot Car Service without prejudice. Pursuant to a settlement, Plaintiff dismissed its claims against Universal Am-Can, Ltd. and The Mason and Dixon Lines, Incorporated, with prejudice. The only claims remaining in this case are Carmack Amendment claims against Defendants.

Defendants filed the instant Motion to Dismiss (Doc. 73) arguing that exhibits from this case and a related case, *The Mason and Dixon Lines, Incorporated v. Walters Metal Fabrication, Inc.*, Case Number 13-cv-1262-SMY-DGW ("declaratory judgment action"), and Plaintiff's admissions in the related case indicate that "all damage is included within the cargo damage caused by hitting a bridge and that MADL was the carrier" (Doc. 73, p. 3). Therefore, Defendants argue this case must be dismissed because MADL is the only party liable under the Carmack Amendment.

In the related case, MADL filed a declaratory judgment action against Walters Metal Fabrication, Inc. ("Walters") (Plaintiff in the instant action). Walters filed a counterclaim in the declaratory judgment action alleging both negligence and Carmack Amendment claims against MADL. Walters' allegations included the following:

> 5. On November 8, 2012, Walters contracted [MADL] to haul cargo from its facility to its customer's facility in Baytown, Texas. []
> 6. [MADL] issued a bill of lading to Walters [], obtained permits from the State of Illinois and hired a pilot car to guide the load.
> 7. While hauling the cargo on I-64 in Williamson County, Illinois, [MADL] acting through its agents or employees, drove the load into the underside of the Herrin Road bridge at 57 mph.

*The Mason and Dixon Lines, Incorporated v. Walters Metal Fabrication, Inc.*, Case Number 13-cv-1262-SMY-DGW, Doc. 26, p. 3. In ruling on MADL's Motion to Dismiss, this Court found

that Walters' allegations described MADL as a motor carrier rather than a broker. Therefore, the Court concluded the Carmack Amendment preempted the negligence counterclaim against MADL.

As a result of the Court's rulings in the declaratory judgment action, Defendants herein filed a Supplement (Doc. 82) to their motion arguing that MADL is the motor carrier in the instant case and thus the only entity that can be liable directly to Plaintiff under the Carmack Amendment. Defendants assert collateral estoppel precludes this Court from finding otherwise.

"The Carmack Amendment was enacted to 'relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods.'" *S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.*, 695 F.2d 253, 256 (7th Cir. 1982) (quoting *Reider v. Thompson*, 338 U.S. 113, 119 (1950)). "[T]o be entitled to the relief intended by the Amendment a shipper must sue either the carrier issuing the bill of lading or the carrier delivering the goods to the final destination." *Centron DPL Co. v. Barrett Moving and Storage Co.*, No. 91-C-1218, 1991 WL 166506, at *1 (N.D. Ill. Aug. 26, 1991) (citing 49 U.S.C. § 11707(a)(1)). "[T]hese carriers [will] be jointly as well as severally liable to [the shipper] unless they [can] show that they [are] not to blame." *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 634 (7th Cir. 2001). Either of these two carriers may then seek recovery from the carrier that was responsible for the damage. *S.C. Johnson & Son*, 695 F.2d at 256.

In the declaratory judgment action, this Court concluded that Plaintiff's allegations described MADL as a motor carrier and therefore, Plaintiff's negligence claim against MADL was preempted by the Carmack Amendment. As previously noted, however, under the Carmack Amendment, a plaintiff may "sue either the carrier issuing the bill of lading or the carrier delivering the goods to the final destination." Here, Plaintiff has alleged that each of the

Defendants "issued a bill of lading" for the shipment at issue (Doc. 19). As such, Plaintiff has properly pled Carmack Amendment claims. Defendants contend Plaintiff's claims fail because there can only be one liable motor carrier in a Carmack Amendment claim. However, nothing in the language of the statute prohibits a plaintiff from alleging Carmack Amendment claims against more than one potential motor carrier.

For the foregoing reasons, the Court **DENIES** Defendants Motion to Dismiss (Doc. 73).

**IT IS SO ORDERED.**

**DATED:** April 23, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
